John RICHARDS, as Conservator and Guardian of the Estate of Leonard Richards, Plaintiff,

v.

MICHELIN TIRE CORPORATION, Defendant.

Civ. A. No. 88–1022–P–C.

United States District Court, S.D. Alabama, S.D.

March 12, 1992.

See also 786 F.Supp. 959.

James A. Yance, David G. Wirtes, Jr., Mobile, Ala., for plaintiff.

William H. Hardie, Mobile, Ala., for defendant.

---

### ORDER DENYING PLAINTIFF'S OBJECTION TO SET–OFF AND REQUEST FOR ADDITUR

PITTMAN, Senior District Judge.

Following trial of this case on February 4–14, 1992, the jury returned a verdict for the plaintiff in the amount of $161,475.00 in compensatory damages and $5,000,000.00 in punitive damages. The amount of compensatory damages awarded to the plaintiff by the jury for lost past and future wages is the same as the amount claimed by the plaintiff's and his economic expert at trial. The plaintiff has now filed a motion for additur (doc. # 219) and an objection to set-off or credit (doc. # 220). In addition, the defendant has filed an application for set-off (doc. # 221). Following a careful consideration of the issues, the court concludes that the plaintiff's motions are due to be denied and the defendant's application is due to be granted.

Prior to trial a *pro tanto* settlement was consummated by the plaintiff and the defendants Ford and Budd. Under the terms of the settlement, each defendant paid the plaintiff $1,000,000.00 in return for the plaintiff's waiving of any and all claims against the defendants Ford and Budd. The court entered an order approving the terms of the settlement (doc. # 185). The plaintiff asserts in his objection to set-off that the *pro tanto* releases went only to the plaintiff's compensatory damages claims against the defendants Ford and Budd, and that therefore, Michelin is entitled only to a set-off for the compensatory damages it must pay pursuant to the jury's verdict.

In the joint pre-trial document filed by the parties prior to the *pro tanto* settlements, the plaintiff asserted claims of negligence and wantonness against Budd and Ford (doc. # 127). This document was incorporated by the court into its pre-trial order (doc. # 128). The court's order approving settlement reflects at the hearing in which the court approved the *pro tanto* settlements, the plaintiff stated that he had outstanding wantonness claims against the defendants Budd and Ford (doc. # 185). The *pro tanto* releases executed between the plaintiff and the settling defendants state that the plaintiff

hereby releases, acquits and discharges [Budd and Ford] ..., *from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses and compensation, or suits of any kind or nature whatsoever* and, particularly, any and all known or unknown injuries, claims, rights of action or damages which he may now or hereafter have on account of or in any manner relating to that certain action now pending in the United States District Court for the Southern District of Alabama, Southern Division, styled 'John Richards, etc., v. Michelin Tire Corporation, et al.,' being Civil Action No. 88–1022–P–C.

(doc. # 220) (emphasis added). The plaintiff has cited no case law to support their objection to set-off.

**966**

The court finds the plaintiff's motion to be without merit. The plaintiff clearly maintained claims of wantonness, which include punitive damages, against the settling defendants at the time the *pro tanto* releases were executed. The language quoted from the releases above states that any and all claims are relinquished by the plaintiff in return for the settlements. Finally, the releases state that all "damages" are also given up in return for the settlements. The plain language of the releases governs this issue. As a result, the court concludes that the plaintiff's objection to set-off is due to be overruled and the defendant's application for set-off is due to be granted.

Furthermore, the compensatory damages awarded in this case were only for "lost wages." The other compensatory damages claimed were for physical pain and mental suffering and the evidence was very weak on the issue of these damages. The jury found that the plaintiff had no damages for physical pain and mental suffering. The jury, in denying these damages, in effect, held that the plaintiff was in a persistent vegetative state such that he was not aware of any pain or suffering. It appears to the court that, given the ruling of the jury, it would be inequitable and unjust to find compensatory damages for physical pain and mental suffering played a significant or decisive role in the settlement between the plaintiff and the settling defendants.

The plaintiff has also filed a motion for additur. The plaintiff asserts that additur is proper because the court refused to charge the jury that plaintiff's past and future medical expenses were proper and recoverable elements of damages, or in the alternative, to allow the plaintiff to present evidence of the defendant Michelin's liability insurance coverage (doc. # 219). The plaintiff cites its previous motions and briefs concerning the collateral source rule issues raised in this case. The court has held that it will not find *Ala. Code* §§ 6–5–522 and 12–21–45, which abolish the collateral source rule, unconstitutional. The court concludes that the plaintiff's motion for additur is due to be denied.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the plaintiff's objection to set-off is OVERRULED; the plaintiff's motion for additur is DENIED; and the defendant's application for set-off is GRANTED.