**Daniel J. KILLIAN, Plaintiff,**

v.

**Vada P. MELSER, Defendant.**

Civ. A. No. 91–AR–0261–S.

United States District Court,
N.D. Alabama, S.D.

May 18, 1992.

Charles R. Johanson, III, Joseph E. Bulgarella, Engel Hairston & Johanson, Birmingham, Ala., for Daniel J. Killian.

Michael B. Maddox, Woodall & Maddox, Birmingham, Ala., for Vada P. Melser.

Robert R. Baugh, David W. Long, Sirote and Permutt, P.C., Birmingham, Ala., for General Motors Corp.

## MEMORANDUM OPINION

ACKER, District Judge.

The above-entitled case has been set for trial, precipitating a motion in limine [1] by Daniel J. Killian, the plaintiff, seeking to preclude the introduction of the payment by a third party of Killian's medical expenses which he claims as part of the damages proximately caused by the alleged negligence of defendant, Vada Melser. At the pre-trial conference, Melser indicated his intention to offer evidence of the fact and of the amount of payment of Killian's medical expenses from a collateral source under authority of Ala.Code § 12–21–45 (Supp.1991), which is titled "Evidence that medical or hospital expenses to be paid or reimbursed admissible as competent evidence". This statute, enacted as part of Alabama's recent tort reform package, reads in pertinent part:

> (a) In all civil actions where damages for any medical or hospital expenses are claimed and *are legally recoverable* for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reim-

**1.** *Motion in Limine*

COMES NOW the Plaintiff, Daniel J. Killian, by and though [sic] his attorney, and moves the Court in limine to completely exclude any discussion, questions concerning or the introduction of evidence by the Defendant related to or concerning the fact that a portion of the Plaintiff's medical and/or hospital expenses have been paid or will be paid by a third party, and as grounds therefor says as follows:

1. It has long been the rule in Alabama and elsewhere that the Plaintiff's receipt of a collateral benefit arising out of an accident does not affect his rights against the Defendant.

2. Benefits the Plaintiff may have received from some collateral source have no relevancy to what the Defendant owes the Plaintiff in

damages that proximately flow from the wrong committed by the Defendant.

3. The introduction of this evidence would not make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

4. Such evidence is not relevant.

5. While Alabama Code Section 12–21–45 purports to render such evidence "competent", it does not require this Court to admit the evidence.

6. Pursuant to the Federal Rules of Evidence, this evidence is not admissible.

/s/Charles R. Johanson, III
Attorney for Plaintiff

bursed *shall be admissible as competent evidence.*

*Id.* (emphasis supplied).

Melser argues that this statute was designed to give an alleged tortfeasor in Alabama "credit" against otherwise recoverable damages for what amounts defendant can prove that plaintiff has received, or will receive, from a third-party source in payment of the medical expenses incurred by plaintiff. As an alternative argument, Melser urges the court to find that the intent of the Alabama legislature, if not to give defendant an automatic and complete elimination of plaintiff's claim for medical expenses insofar as a third-party is responsible for them, was to give the jury unbridled discretion over the question of whether plaintiff should receive medical reimbursement from the tortfeasor if plaintiff has already been or will be compensated from another source for those expenses. In other words, defendant, as a fallback position, argues that the jury in Alabama has been given the right to make the law in this regard for itself or to act as a legislative body in each particular case as to this element of damages, depending upon how the jury feels about it.

In Melser's brief he admits that both of his arguments depend upon this new statute's having established a matter of *substantive* law in Alabama and not simply one of *procedural* law. The parties have not furnished the court any meaningful legislative history to assist in interpreting this relatively new statute; and the case law is sparse. Melser cites the following *dictum* in *Powell v. Blue Cross and Blue Shield of Alabama,* 581 So.2d 772, 775, n. 5 (Ala.1990):

> Operation of the "collateral source rule" would prevent the tort-feasor from introducing any evidence that the injured party has already recovered from his injuries by way of insurance. *Pearson v. Birmingham Transit Co.,* 264 Ala. 350, 87 So.2d 857 (1956). But, we note that for civil cases filed after June 11, 1987, Ala.Code 1975, § 12–21–45 would allow evidence that an outside source has paid or will pay or reimburse the plaintiff for

certain medical or hospital expenses. This statute also allows the plaintiff to introduce evidence of the cost of obtaining such reimbursement (i.e. premiums). "Upon proof by the plaintiff to the court that the plaintiff is obligated to repay the medical or hospital expenses which have been or will be paid or reimbursed, evidence relating to such reimbursement or payment shall be admissible." Ala.Code 1975, § 12–21–45(c) (Supp.1990).

The Supreme Court repeated this *dictum* in another footnote in *Star Freight, Inc. v. Sheffield,* 587 So.2d 946, 959, n. 7 (Ala. 1991). In both *Powell* and *Star Freight,* the footnote was gratuitous. These footnotes are no more than accurate paraphrases of § 12–21–45. The language of § 12–21–45 is so incongruous and so self-contradictory as to be virtually unworkable and to invite an attack on the statute's constitutionality under the doctrine of "void for vagueness" as well as under "due process" scrutiny. Killian has not mounted such an attack, as was done in *Roszell v. Martin,* 591 So.2d 511 (Ala.Civ.App.1991), a case in which the Alabama Court of Civil Appeals properly sidestepped the issue by saying:

> When a party challenges the constitutionality of a state statute and fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claim, and its decree regarding that claim is void.

*Id.* at 516.

Instead of challenging the constitutionality of § 12–21–45, Killian straightforwardly argues that the statute constitutes no more than a new Alabama rule of *evidence,* so that no matter how it is applied by Alabama trial courts during the trials of negligence cases, it is not binding on this court, a federal court, in a diversity case in which the trial court's *procedures* are governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *Borden, Inc. v. Florida East Coast Ry.,* 772 F.2d 750 (11th Cir.1985). This court agrees with Killian.

The Alabama legislature cannot, *for the federal courts,* convert the "irrelevant" and the "prejudicial" into the "competent"

and the "admissible" simply by changing their names. Rule 401, F.R.E., defines "relevant evidence" for this court as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. ·

Rule 403, F.R.E., provides the following limitation even on relevant evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The question is: Did the Alabama legislature here effect a change in Alabama's substantive tort law so as to eliminate an element of damages regularly being listed to juries by trial judges as among those elements recoverable if *Alabama Pattern Jury Instructions,* 11.04 and 11.09, as yet unamended, are still being used? This court might give more serious consideration to defendant's position on the proper construction of § 12–21–45 if Ala.Code § 6–5–522 (Supp.1991) had not been enacted along with § 12–21–45 as part of the same tort package. This obviously interrelated statute provides in pertinent part:

> In all *product liability* actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff's medical or hospital expenses have been or will be paid or reimbursed (1) by medical or hospital insurance or (2) pursuant to the medical and hospital payment provisions of law governing workmen's compensation, shall be admissible as competent evidence *in mitigation of such medical or hospital expenses damages.*

*Id.* (emphasis supplied). The two statutes must be considered together. Killian's action is, fortunately for him, not a products liability case but rather a garden variety negligence case. Although this court believes that § 6–5–522 constitutes a rule of substantive law, § 6–5–522 does not apply to Killian's present cause of action. More importantly, § 6–5–522 proves incontrovertibly that the Alabama legislature knows how to choose language which creates a substantive right in contrast to a procedural rule. The two statutes are quite similar, but their difference is crucial and places one on the side of "substance" and the other on the side of "procedure". The word "mitigation" is conspicuous by its presence in § 6–5–522 and by its absence in § 12–21–45. This court gives the Alabama legislature credit for knowing how to employ the English language to effect its wishes. It is for this reason that this court respectfully disagrees with the following broad *dictum* in *Richards v. Michelin Tire Corporation,* 786 F.Supp. 964, 966 (S.D.Ala.1992):

> This court has held that it will not find Ala.Code §§ 6–5–522 *and 12–21–45, which abolish the collateral source rule,* unconstitutional.

*Id.* (emphasis supplied).

The court in *Richards* was dealing with a products liability case, so that when it said that § 12–21–45 joined § 6–5–522 in abolishing the collateral source rule, its expression as to § 12–21–45 was necessarily *dictum.* The collateral source rule was fully abolished only in products liability cases.

Contrary to the conclusion reached in *Richards,* this court, to the extent it is capable of understanding § 12–21–45, concludes that the Alabama legislature intended no more than to permit an alleged tortfeasor to muddy the water by requiring the trial judge to allow the jury to listen to evidence that, in reality, is irrelevant and prejudicial, and which the trial court, as it later instructs the jury, must describe as having nothing whatsoever to do with the true calculation of the possible recoverable damages. This court has conducted no empirical survey of what Alabama trial judges are presently doing to prevent a defendant's closing argument from degenerating into an attempt by the defendant who has availed himself of § 12–21–45, to persuade the jury of the plaintiff's greed and of the

immorality of a double recovery by the plaintiff for his medical expenses. Any good lawyer could devise some good public policy arguments for such a proposition, but he would undoubtedly only duplicate those voiced by the putative defendants at the hearings before whatever legislative committee reported § 12–21–45, in its final form, out favorably. If the statute makes any sense, a debatable question, it constitutes a deliberate invitation to engage in a moral debate on the collateral source doctrine in every simple negligence case. The legislative intent may well have been to discourage personal injury plaintiffs from seeking to recover even sizeable medical expenses if they have some chance, however slight, of recovering from another source. It presents a plaintiff's lawyer with a serious tactical dilemma.

This court has held informal conversations with more than one Alabama trial judge on this subject and has learned that Alabama trial judges are routinely allowing the introduction of evidence rendered "admissible" by § 12–21–45 but thereafter charging the jury that it may *"consider"* the said evidence for whatever it may be worth. Such an ambiguous jury charge, while an understandable effort to comply with § 12–21–45, is tantamount to telling the jury that it can, with impunity, reduce any justifiable verdict by the amount of money plaintiff may receive from a collateral source, but that it need not do so, or, for that matter may punish a greedy plaintiff and give him nothing in an otherwise meritorious case. On the other hand, some Alabama trial judges are remaining silent on the subject and are simply ignoring § 12–21–45 in their jury instructions and then crossing their fingers. The fact that no suggested jury instruction on the subject can yet be found in *Alabama Pattern Jury Instructions* may provide an explanation for the latter approach. Meanwhile, the Supreme Court of Alabama has not spoken authoritatively on § 12–21–45.

*Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), is correctly cited by Melser for the proposition that the distinction between substance and procedure is crucial in determining whether to apply state or federal law. Because this court is bound by the Federal Rules of Evidence and not by § 12–21–45, which, by its terms, is no more than an Alabama rule of evidence, this court will follow F.R.E. 401 and 403, which prohibit the introduction of this type information, which has no probative value on any issue here in dispute and that creates a serious "danger of unfair prejudice, confusion of the issues, or misleading [of] the jury".

It is interesting to speculate what a poor, hard-working, dedicated but frustrated Alabama trial judge will do with § 12–21–45 when an alleged tortfeasor offers evidence to indicate that a medical benefits insurer under a plan governed by the Employee Retirement Income Security Act (ERISA) has been presented by the tort action plaintiff with a claim for reimbursement of the same medical expenses which has been included among the damages claimed in his pending tort action. The statute here under consideration makes no distinction between benefits already received and benefits which "will be paid". In theory, plaintiff's entirely separate, still unresolved ERISA claim may or may not ultimately succeed in the face of the ERISA-created odds against it. *See Jordan v. Reliable Life Ins. Co.*, 694 F.Supp. 822 (N.D.Ala. 1988); *McKinnon v. Blue Cross–Blue Shield of Alabama*, 691 F.Supp. 1314 (N.D.Ala.1988). The ERISA benefits claim, considered as a separate action, could never be tried by jury in a federal court in Alabama, the court in which it would most assuredly end up, even if it had originally been filed in the state court. *See Blake v. Union Mutual Stock Life Ins. Co.*, 906 F.2d 1525 (11th Cir.1990). It would be both ironic and laughable for the question of whether plaintiff's medical expenses *"will be* paid or reimbursed" (emphasis supplied), as provided by § 12–21–45, to be tried to a jury in a simple negligence action as a purely tangential matter permitted, if not required, by § 12–21–45. Not only would the trial water be muddied, but such a sideshow would create unbelievable confusion and make one trial into two. The possibility of spending a great deal of trial

time presenting this ultimately irrelevant, "non-jury" non-issue to a jury may well prove to be a problem with which the Alabama courts will wrestle long and loud if § 12–21–45 stays on the Alabama statute books in its present form. This court sympathizes with its brothers and sisters on Alabama's trial benches, and is happy to be free from the tenuous grip of a statute which purports to make the "irrelevant" into the "admissible".

It is also interesting to speculate as to what effect this court's ruling, if adhered to by other Alabama federal trial judges, will have on the incidence of diversity removal by non-resident alleged tortfeasors in simple negligence cases in Alabama. This court is, of course, not influenced in its decision by its guess as to how to answer this question.

If this court believed for a moment that there is a serious possibility that § 12–21–45 is really "substantive", it would either invite Killian to attack its constitutionality and force the constitutional question to be decided here, or it would certify the question of statutory interpretation to the Supreme Court of Alabama; but because this court is fully satisfied that the statute only constitutes a rule of evidence not binding on this court, this court will, by separate order, grant plaintiff's motion in limine.